[Civ. No. 4548. Third Appellate District.—September 28, 1932.]

MARGARETHE LERNER, as Administratrix, etc., Respondent, v. F. H. SANDERSON, Jr., et al., Defendants; TRACY-WALDRON FRUIT COMPANY (a Corporation), Appellant.

H. A. Frank for Appellant.

Wallace Rutherford for Respondent.

THOMPSON (R. L.), J.—The complaint in this case consists of seven counts which were based upon assigned claims for the price of grapes sold and delivered, together with the value of materials furnished and labor performed. From a judgment which was rendered in favor of the plaintiff and against both defendants, the Tracy-Waldron Fruit Company has appealed.

It is contended the judgment is not supported by the evidence. There is no merit in the appeal.

The appellant is a corporation which is engaged in the business of buying and marketing fruit. The defendants,

Sanderson and Digardi, are copartners doing business under the firm name of California Land Products Company. In 1925, the appellant entered into a written agreement for the season with the defendant partnership for "buying, shipping and handling . . . grapes, from the following California counties, to-wit: Contra Costa, Santa Clara, Napa, Mendocino and Sonoma, to points within or without the State of California".

This contract was executed by the appellant and accepted by the copartnership. It contains the following provisions:

"You (California Land Products Company) to handle the general field work including soliciting of business . . . on a purchase basis . . . to be bought at prices and on such terms as may be mutually agreed upon between us. . . . You are to devote the principal part of your time to this joint venture, . . . but if we reject any grapes offered by you, you are at liberty to purchase the same yourselves or sell them to others for your own account. . . .

"We are to furnish labor, shooks and other necessary material for packing and loading such grapes for shipment. . . . We are to finance payments for such grapes purchased . . . as such payments fall due; also for all necessary items of expense properly chargeable to this joint venture. . . .

"Profits or losses resulting from transactions under this joint venture are to be divided equally between us. . . .

"It is understood that this joint venture covers only such cars of grapes as you directly originate and does not cover any other business that may be handled by us in the same general territory or district by purchase, . . . or any business which may be handled by you *in other parts of the State of California* or which we may have rejected as hereinbefore provided. . . .

"It is understood that shipments under this joint venture are to be made through shipping sheds owned by us or leased by us *in the counties aforesaid*. . . . "

█ This contract creates a joint venture for the purchase of grapes during the season ending October 15, 1925, in Napa and the other four counties mentioned in the agreement. In effect it provides that all the grapes which are purchased by the copartnership in these named counties shall belong exclusively to the joint venture, except such as

may be rejected by the appellant. The contract fails to specify conditions or grounds upon which grapes may be rejected. It specifically excludes grapes purchased by the appellant in these named counties, and grapes which are purchased by California Land Products Company "in other parts of the state". By necessary implication, all grapes purchased by the copartnership in the named counties, unless they are rejected, belong to the joint venture, and create a liability for the purchase price thereof against both parties to the contract. The rights and liabilities of joint adventurers, as between themselves, are governed by the same principles which apply to a partnership business. (*Ford & McNamara, Inc.,* v. *Wilson,* 119 Cal. App. 475 [6 Pac. (2d) 996].)

The appellant contends that it is liable only for such grapes as were purchased by the copartnership in Napa County and which were actually delivered to it. It is asserted that the burden of showing that all such grapes were actually delivered to the appellant was upon the plaintiff. The court found they were "delivered to the defendants". It is conceded they were delivered to the California Land Products Company. We are pointed to no evidence indicating they were not actually delivered to the appellant. We are cited to no evidence that the appellant ever rejected any of these grapes. The record clearly shows all the grapes which are involved in this action were purchased by the copartnership in the district which is covered by the contract of joint adventure. The agreement of joint adventure precludes the copartnership from purchasing any grapes for its separate account within the five counties therein mentioned. All grapes purchased in that district were for the benefit of the appellant. A delivery of grapes to the copartnership which were purchased in that district was therefore a delivery to the appellant. A reasonable construction of the contract leaves no other solution of this problem. The finding to the effect that these grapes were delivered to the appellant is amply supported by the evidence.

If any of these grapes were rejected by the appellant, that fact might furnish a defense to the action with respect to the purchase price of such rejected grapes. The

burden of proving that defense rested upon the appellant. No such defense was alleged or proved.

The appellant contends it was engaged solely in shipping grapes to eastern markets and that its custom was to ship grapes only in small three and a half pound boxes, containing twenty-five pounds of grapes; that many of the grapes were delivered to the California Land Products Company in large lug boxes, and that the judgment wrongfully includes some items of expense for the cost of large lug boxes.

It will be observed, contrary to the alleged custom of the appellant, that the contract which is involved in this suit, specifically authorizes the purchase of grapes in the five counties named, for shipment "to points *within or without the state*". The contract is silent with respect to the character of boxes in which the grapes are to be delivered. The agreement obligates the appellant to pay for "labor, shooks and other necessary material for packing and loading". We are directed to no evidence to indicate that any charge is included in the judgment for the cost of large lug boxes. The only item of this nature which we are able to discover by reference to the briefs is 4,476 pounds of grapes at $44.76 which were apparently delivered "in big lugs". Nor are we pointed to any evidence that the appellant for any reason rejected fruit which was purchased. It is stated in its brief that 1733 boxes were shipped on October 3d, "the date after which this appellant received no fruit from any shipper". It is not stated this shipment was refused. No evidence is cited to support such contention. Moreover, the contract authorized the copartnership to purchase grapes during the season of 1925, "or approximately (until) October 15, 1925". The grapes were all purchased within that period. No reason appears why both defendants are not liable therefor.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.